**Dated: September 14, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Summer D. Baxter, | ) | Case No. 22-10877-JDL |
| | ) | Ch.7 |
| Debtor. | ) | |
| | ) | |
| Dustin Baxter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 22-1045-JDL |
| | ) | |
| Summer D. Baxter, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER STRIKING DEFENDANT'S MOTION TO DISMISS AS MOOT**

This matter comes before the Court on the Defendant's *Motion to Dismiss Adversary Complaint* filed on August 15, 2022. [Doc. 3]. The motion to dismiss was directed at the Plaintiff's *Complaint* filed on August 1, 2022. [Doc. 1]. On August 18, 2022, the Plaintiff filed his *Amended Complaint*. [Doc. 4]. Plaintiff was permitted to file his *Amended Complaint* as a matter of course, without leave of court. *See* Fed. R. Civ. P. 15(a).

Defendant has not filed a motion to dismiss directed at the *Amended Complaint.*

"The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded." *Edwards v. Hanuman Corporation*, 2022 WL 1156639, at *1 (D. N.M. 2022) (quoting *Strich v. United States*, 2010 WL 148269, at *1 (D. Colo. 2010).  Here, Plaintiff's *Amended Complaint* supersedes his original *Complaint*.  As such, Defendant's motion to dismiss the original complaint is directed at an inoperative pleading, rendering it moot.  *See, e.g.*, *Fawzy v. Wauquiez Boats SNC,* 873 F.3d 451 (4th Cir. 2017*)* (*"*Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); *AJB Properties, Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, 2009 WL 1140185, at *1 (D. Kan. 2009) (finding that an amended complaint superseded the original complaint and accordingly, defendant's motion to dismiss the original complaint is denied as moot); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they [were] directed at a pleading that is no longer operative"); *Rodriguez v. Xerox Business Services, LLC*, 2016 WL 8674378, at *1 (W.D. Texas 2016) ("A plaintiff's filing of an amended complaint may render moot a pending motion to dismiss.").

Accordingly, Defendant Summer Baxter's *Motion to Dismiss Adversary Complaint* [Doc. 3] is **STRICKEN AS MOOT.**

# # #