**Dated: January 26, 2023**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Summer D. Baxter, | ) | Case No. 22-10877-JDL |
| | ) | Ch. 7 |
| Debtor. | ) | |
| | ) | |
| Dustin Baxter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 22-1045-JDL |
| | ) | |
| Summer D. Baxter, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER *SUA SPONTE*
GRANTING SUMMARY JUDGMENT**

**I. Introduction**

This is an adversary proceeding brought by the Debtor's former husband, Dustin Baxter ("Father"), seeking to determine that a state court judgment awarding him $13,750 in attorney fees in a post divorce decree child custody proceeding is a non-dischargeable *"domestic support obligation"* within the scope of 11 U.S.C. § 523(a)(5) and/or non-

dischargeable as being "in connection with a separation agreement, divorce decree or other order of a court of record" under § 523(a)(15).[1]  Contrary to well-established, black-letter law, Debtor Summer D. Baxter (either "Debtor" or "Mother") filed a *Motion to Dismiss Amended Complaint* asserting that "the judgment against (her) was not a domestic support obligation and is not an order arising from a divorce decree." [Adv. Doc.10, ¶ 11].  On January 6, 2023, the Court entered its *Order Denying Motion to Dismiss and Notice of Intention to Grant Sua Sponte Summary Judgment* (the "Order") [Adv. Doc. 12].  Finding that the Debtor's assertion that the State Divorce Court Judgment was a dischargeable debt under either § 523(a)(4) or (15) was, as a matter of law, not supportable, the Court granted the Debtor fourteen days from the date of its Order to present any legal authority, pertinent material, evidence or argument which she believed precluded the entry of summary judgment against her.  The Debtor has made no submissions to the Court in response to the Court's affording her the opportunity to oppose the notice that it intended to enter summary judgment *sua sponte*.

Pursuant to Fed. R. Bankr. P. 7054 and 9014, the below constitute the Court's Findings of Fact and Conclusions of Law.[2]

## II. Jurisdiction

This Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334(b), and 157(a) and the Order of Reference of the United States District Court for the Western

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

District of Oklahoma as Local Rule LCvR 81.4(a). This matter seeking a determination of an objection to the dischargeability of a particular debt is a core proceeding under 28 U.S.C.§ 157(a)(2)(I).[3] Venue is proper pursuant to 28 U.S.C. § 1409.

### III.  Facts

1. Father and Debtor/Mother were husband and wife and are the parents of one minor child born in 2008. They were divorced by a *Decree of Dissolution* entered on May 23, 2012, in the case styled, *In re The Marriage Dustin Baxter, Petitioner, v. Summer Baxter, Respondent,* Case No. FD-2011-1085, in the District Court of Oklahoma County, Oklahoma (the "State Domestic Action"). [Adv. Doc. 4, ¶ 6]. Under a *Joint Child Custody Plan* entered in the Domestic Action on March 7, 2013, Father and Mother were awarded joint custody of the minor child.[4]

2. An eleven-year long, post-divorce decree litigation between Father and Mother ensued.[5] In matters relevant to this adversary proceeding, on March 3, 2021, after a three

---

[3] Both parties in their pleadings have refused to consent to the entry of a final order or judgment by the Bankruptcy Court. Such an assertion misapprehends the law of bankruptcy court jurisdiction. "Core" proceedings are those that are either under Title 11 or arise in a bankruptcy case. As stated by the Supreme Court in *Executive Benefits Insurance Agency v. Arkinson*, 573 U.S. 25, 34, 134 S.Ct. 2165 (2014): "Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the District Court." The Plaintiff's claim for determination of non-dischargeability is indisputably core. § 157(b)(2)(I). With rare exceptions not applicable here, consent of the parties is only required in *non-core* matters.

[4] The Court is entitled to take judicial notice of the docket sheets of other state or federal courts. *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007); *Hutchinson v. Hahn*, 402 Fed. Appx. 391, 394-95 (10th Cir. 2010); *Shoulders v. Dinwiddie*, 2006 WL 2792671, at *3 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world-wide web, including docket sheets in district courts). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well facts which are a matter of public record." *Stroble v. Rusch*, 431 F.Supp.3d 1315, 1324 (D. N.M. 2020); *Wildearth Guardians v. Public Service Co. of Colorado*, 690 F.Supp.2d 1259, 1263 (D. Colo. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

[5] The Docket Sheet in the State Court Domestic Action consists of 42 pages.

day trial, the State Court granted Father's *Motion to Modify Custody* to the extent that it sought to modify the custody of the minor child by designating Father as the primary custodial parent with final decision-making authority, granting him primary physical custody of the child and finding Mother guilty on six counts of contempt relative to child custody.[6]

3. On April 22, 2021, the State Court entered its *Order of Modification,* memorializing and expanding its findings under the March 3, 2021, Court Minute, approving an *Amended Joint Custody Plan and Child Support Computation* under which Father was awarded primary physical custody of the minor child and granting him final decision-making authority as to the child's care. [Adv. Doc. 4-1, Ex. A]. In the *Order of Modification,* the State Court found Mother to be guilty of six counts of civil contempt, namely; Count II - unilaterally changing the minor child's school without conferring with Father in violation of the Joint Custody Plan; Count III - unilaterally changing the minor child's counselor on multiple occasions without conferring with Father in violation of the Joint Custody Plan; Count V - repeatedly making disparaging remarks concerning Father to the minor child in violation of the Joint Custody Plan; Count VI - repeatedly discussing the pending litigation with the minor child in violation of the Joint Custody Plan; Count VII - repeatedly failing to inform Father when the minor child was receiving medical care in violation of the Joint Custody Plan, and Count IX - unilaterally terminating the court-ordered counseling. The issue of attorney fees and litigation costs was reserved for consideration by the Court upon proper application.

4. On May 21, 2021, Father filed his *Petitioner's Application for Attorney Fees and Costs* seeking a total of $37,252.60 for attorney fees, litigation costs, guardian ad litem

---

[6] Court Minute dated March 3, 2021.

fees and attorney fees previously awarded him for successful custody-related motions.

5. By *Journal Entry of February 11, 2022,* entered by the State Court on March 10, 2022, Father's *Application for Attorney Fees and Costs* was sustained, in part, with the Court awarding him judgment against Debtor in the sum of $13,700 in fees and costs. Debtor was ordered to satisfy the judgment obligation by making monthly payments of $380.55, beginning April 13, 2022 and continuing on the 13th day of each month thereafter until paid in full. [Adv. Doc. 4-2].

6. On April 29, 2022, Debtor filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code. On August 18, 2022, Father filed his *Amended Complaint* seeking to determine that the State Court award for attorney fees and costs was non-dischargeable as a debt incurred for a "domestic support obligation" under § 523(a)(5) and/or a debt "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record'" under § 523(a)(15).

## IV. Summary Judgment Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). The non-movant is given "wide berth to prove a factual controversy exists." *Jeffries v. Kansas, Dep't of Soc. & Rehab. Servs.*, 147 F.3d 1220, 1228 (10th Cir. 1998). However, the non-moving "party must identify sufficient evidence that would require submission of the case to a jury."

*Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1555 (10th Cir. 1993). It is not enough that the non-movant's evidence be "merely colorable" or anything short of "significantly probative." *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986)). The non-moving party may not rest upon its pleadings, but its response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 248. To accomplish this, the fact must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

In order to establish that a debt for attorney fees and costs is "in the nature of alimony, maintenance or support" of a debtor's child, a plaintiff must establish that the attorney fees and costs were awarded to a parent of the debtor's child in a court order and that such fees were incurred solely in connection with a child custody and/or child support action. The undisputed facts in this case establish that the Oklahoma County District Court ordered Mother to pay $13,700 to Father to reimburse him for attorney fees and costs, and that the Judgment relates to fees and costs incurred by Father in the child custody and support litigation between the parties. As shown by the facts and law discussed above, the Court believes that the undisputed record establishes that the attorney fees awarded to Father related to child custody and are non-dischargeable.

### V. After Notice the Court Can *Sua Sponte* Enter Summary Judgment to a Non-Moving Party

Neither party has filed a motion for summary judgment, but that does not preclude the Court from granting summary judgment *sua sponte* in favor of a non-moving party. Rule 56(f)(1) and (3) provide that after giving notice and a reasonable time to respond, the

court may grant summary judgment for a non-movant or consider summary judgment on its own upon finding that the material facts are not genuinely in dispute. Rule 56(f), enacted in 2010, codifies a court's long-standing authority that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as a losing party was on notice that she had to come forward with all her evidence."); *Sports Racing Services, Inc. v. Sports Car Club of America, Inc.,* 131 F.3d 874, 892 (10th Cir. 1997) (The court "may grant summary judgment *sua sponte* 'so long as a losing party was on notice that it had to come forward with all of its evidence.'"). "Rule 56(f) exists largely for the convenience of the court, to save it from proceeding with trials that it can readily see are unnecessary." *National Exchange Bank & Trust v. Petro-Chemical Systems, Inc.,* 2013 WL 1858621, at *1 (E.D. Wisc. 2013).

From the record presented to the Court at the time Debtor filed her *Motion to Dismiss*, it appeared that as a matter of law there was no triable issue of fact, and Father was entitled to have the attorney fees award determined non-dischargeable. Notwithstanding the Court's inclination to grant summary judgment at that time, it was only appropriate that "the party against whom summary judgment is entered must have notice that the court is considering dropping the ax on him before it actually falls." *California v. Kinder Morgan Energy Partners LP*, 2013 WL 314825, at *22 (S.D. Cal. 2013) (quoting *Goldstein v. Fidelity & Guaranty Insurance Underwriters, Inc*. 86 F.3d 749, 750 (7th Cir. 1996)). Accordingly, the Court gave Debtor notice that it was considering entering summary judgment *sua sponte*, and afforded her fourteen days notice to file any documents or arguments in opposition. [Adv. Doc. 12]. That time expired on January 20,

2023, and the Debtor has not availed herself of the opportunity to show why summary judgment should not be entered.

Father's *Amended Complaint* alleges that after a three-day trial in the State Domestic Action (as confirmed by a review of the State Domestic Action docket sheet), an *Order of Modification* awarded him primary physical custody of the minor child, ordered Mother to pay child support in accordance with Oklahoma law, and found Mother guilty on six (6) counts of indirect civil contempt for violation of the Court's previous child support/custody orders. The *Order of Modification* is attached to the *Amended Complaint*. [Adv. Doc. 4-1]. The *Amended Complaint* further alleges that the State Court granted Father's application for attorney fees and costs in the amount of $13,700. The Journal Entry for the attorney fee award is attached as an exhibit to the *Amended Complaint*. [Adv. Doc. 4-2].

Father alleges that the attorney fees awarded to him constitute both a non-dischargeable debt under § 523(a)(5) as a debt for a "*domestic support obligation*" and/or under § 523(a)(15) as a debt to a "spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of the divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record...." Accepting the Father's allegations as true, as they indisputably are, was not only sufficient to withstand Mother's *Motion to Dismiss,* but, as discussed below, are sufficient to grant Father summary judgment on the issue of non-dischargeability.

### VI. Conversion of Debtor's Motion to Dismiss to a Motion For Summary Judgment Is Not Required.

Generally, when documents not attached to the complaint are submitted in regard

-8-

to a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Conversion to a summary judgment motion is not required, however, when the district court considers (1) documents the complaint incorporates by reference; (2) documents referred to in the complaint that are central to the plaintiff's claim and whose authenticity is not challenged; and (3) "matters of which a court may take judicial notice." *Hartleib v. Weiser Law Firm, P.C.,* 861 Fed.Appx. 714, 719 (10th Cir. 2021) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186, 1194 (10th Cir. 2010)) (internal quotation marks omitted). Because a court may consider facts subject to judicial notice without treating a motion to dismiss as a motion for summary judgment, a court may consider documents reflecting facts that "are a matter of public record" as long as it considers those documents "to show their contents, not to prove the truth of the matters asserted therein." *Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). This includes another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007); *Strobel v. Rusch,* 431 F.Supp. 3d 1315, 1324 (D. N.M. 2020) ("[W]hile ordinarily, a motion to dismiss must be converted to motion for summary judgment when the court considers matters outside the complaint, see Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect....").

In the present case, the Court has before it exhibits attached to the *Amended Complaint* and matters filed in the State Domestic Action which are entitled to judicial notice. That is all the evidence necessary not only to render a decision on Mother's *Motion to Dismiss* but also to make by way of summary judgment the ultimate determination that as a matter of law the debt owed by Debtor to Father is non-dischargeable.

**VII. The Post-Divorce Decree State Court Judgment for Attorney Fees in Favor of Father Constitutes a *Domestic Support Obligation* Non-Dischargeable Under 11 U.S.C. § 523(a)(5).**

The issues before the Court are (1) whether the obligation to Father constitutes a "*domestic support obligation*" under § 523(a)(5), as that term is defined in 11 U.S.C. § 101(14)(A) and (2) if not a "*domestic support obligation*," is it an obligation nevertheless non-dischargeable under 11 U.S.C. § 523(a)(15).

The term *"domestic support obligation"* was added to the Bankruptcy Code by BAPCPA. Section 101(14)(A) defines, in pertinent part, a *"domestic support obligation"* as follows:

> The term "domestic support obligation" means a debt that is...
>
> (A) owed to or recoverable by –
>
> > (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative;
>
> ****
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> ****

Whether a court-ordered obligation to pay attorney fees incurred in connection with a custody dispute falls within the parameters of § 523(a)(5) is an issue of federal law. *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir. 1993); *Jones v. Jones (In re Jones)*, 9 F.3d 878, 880 (10th Cir. 1993); *Brasher v. Turner (In re Turner)*, 266 B.R. 491, 496-97 (10th Cir. 2001); *Sylvester v. Sylvester* (*In re Sylvester*), 865 F.2d 1164, 1166 (10th Cir. 1989); *Will v. Miller and Saxton, P.C. (In re Will)* 116 B.R. 254, 256 (D. Colo. 1990).

The term "support" in § 523(a)(5) is broadly construed. As one district court has observed, federal courts have broadened the meaning of "support" to include virtually any service performed in connection with child support or custody litigation that enures to the benefit of a child. *In re Peters,* 133 B.R. 291, 295 (S.D. N.Y. 1991), *aff'd* 964 F.2d 166 (2nd Cir. 1992). In *Peters* the court gave the following rationale for this view:

> The reason for such a policy is clear. In any matrimonial action, whether it concerns the divorce, maintenance, support, custody, or post-decree proceedings implicating any of the foregoing, it is essential that each party be able to adequately represent its interests; accordingly, attorneys' fees owed to spouses are deemed to be in the nature of support.

*Id.*, at 295.

For this reason, the vast majority of courts, including the Tenth Circuit, have held that an award of attorney fees is so inextricably intertwined with proceedings affecting the welfare of a child, such as custody or child support litigation, to be deemed "support" within the meaning of § 523(a)(5). *Jones v. Jones (In re Jones)*, S*upra*.; *Holtz v. Poe (In Re Poe),* 118 B.R. 809, 812 (Bankr. N.D. Okla.1990); *Rogers v. Morin*, 189 Fed.Appx. 299, 302 (5th Cir. 2006); *In re Rackley*, 502 B.R. 615, 626 (Bankr. N.D. Ga. 2013).

In *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881-82 (10th Cir. 1993), the Tenth Circuit held that court ordered attorney fees arising from post-divorce custody actions are deemed in the nature of support as being incurred on behalf of the child, absent unusual circumstances. The Court stated as follows:

> "We hold that the term `support' as used in § 523(a)(5) is entitled to a broad application. *Cf. Yeates,* 807 F.2d at 878 (debt could be considered in `nature of support' under federal bankruptcy law, even though it would not qualify as support under state law). Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term 'support'

-11-

encompasses the issue of custody absent unusual circumstances not present here. Consequently, *court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child. This debt is non-dischargeable".* (Emphasis added).

In determining whether court-ordered attorney fees in conjunction with a custody matter are dischargeable, the Bankruptcy Court is not to re-examine or go behind the judgment as would be the case of alimony or other support. In *In re Turner*, 266 B.R. 491, 497 (10th Cir. 2001) the Court stated as follows:

> "Although *Sampson* states the general rule with regard to obligations arising out of divorce action, the Tenth Circuit Court of Appeals has narrowed the creditor's burden when the obligations are directly linked to custody proceedings. For example, in *Jones v. Jones (In re Jones)* [citation omitted], the court concluded that professional fees awarded by a court in conjunction with litigation of child custody were `in the nature of support' and therefore excepted from discharge under § 523(a)(5). *The presumption under Jones is that attorneys' fees incurred and awarded in custody matters are by their nature related to the best interest of the child and are therefore in the `nature of support' under § 523(a)(5).*" (Emphasis added).

Likewise, in *Lowther v. Lowther (In re Lowther)*, 266 B.R. 753 (10th Cir. BAP 2001), the Bankruptcy Appellate Panel found that the 10th Circuit decision in *Jones, Supra.*, did not allow the court to go behind the attorney's fee or engage in nuances in determining whether the award was "support" non-dischargeable under § 523(a)(5). It stated:

> "The Court in *Jones* specifically rejected looking to the purpose of the dispute in determining whether a debt was in the nature of support. We adhere to this directive in holding that *Jones* does not permit the Court to look to the court's purpose in ordering the Debtor to pay Lowther's attorney's fees incurred in the custody action. Although there is some indication that the Court was troubled by debtor's litigiousness or obstructive behavior, *Jones* instructs us not to look behind the award to determine its nature and purpose. While this factor is relevant in determining whether a debt to a spouse is support, it is not relevant to a determination of whether a debt is support in the context of a custody dispute."

As stated in *Holtz v. Poe (In re Poe)*, 118 B.R. 809, 811 (Bankr. N.D. OK 1990):

> "All these attorney fees were incurred in litigation over child custody, and there is no indication of any such extraordinary circumstances as might take the matter out of the general rule mentioned above; therefore, all these attorney's fees take on the same character of child-custody litigation in which they were incurred."

In the present case, the April 22, 2021, *Order for Modification* granting Father primary custody of the minor child and finding Mother in contempt also invited Father to make proper application for attorney fees. Father made such application, and by the *Journal Entry of February 11, 2022*, entered by the Court on March 10, 2022, the Court awarded him $13,700 in fees and costs. To state the obvious, there is no doubt that the attorney fees are "child support related". As a matter of law, the award of attorney fees which Father incurred in the custody proceedings is presumptively regarded as being in the nature of "support" non-dischargeable. *See, e.g.*, *Jones v. Jones (In re Jones), Supra.*

### VIII. Assuming, *Arguendo*, the Judgment for Attorney Fees Was Dischargeable Under § 523(a)(5), They Would Be Non-dischargeable Under § 523(a)(15).

For the reasons stated above, there is no doubt that the attorney fees award was clearly related to child custody issues and constitutes a non-dischargeable *"domestic support obligation."* The Court should not need to even seriously address whether the fees are also non-dischargeable under § 523(a)(15); however, since Mother raised the issue in her *Motion to Dismiss,* the Court will briefly address it. That section, in pertinent part, renders non-dischargeable an obligation:

> ...to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record....

The legislative history of subsection (15) enacted as part of BAPCPA notes as follows:

> "Section 215(3) [of the 2005 Act] amends § 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise described in § 523(a)(5)) incurred *in connection with a divorce or separation or related action* are non-dischargeable irrespective of the debtor's inability to pay such debts." (Emphasis added).

House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess. 61 (2005).

Thus, even were the award of attorney fees not a domestic support obligation (which it clearly is), the Mother's obligation to pay Father's attorney fees would fall squarely within the scope of subsection (15) "as an obligation... incurred in connection with a divorce or separation or other order of a court of record."

### IX. The "Fresh Start" Afforded Debtors Does Not Apply to Domestic Support Obligations.

Although § 523(a) dischargeability actions are generally construed strictly in favor of debtors, in order to promote the congressional policies favoring the enforcement of spousal and child support obligations, proof in § 523(a)(5) actions is strictly construed in favor of former spouses and children. *Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1489 (10th Cir. 1995) (citing *Sampson,* 997 F.2d at 722) ("The policy underlying § 523(a)(5), however, favors enforcement of familial support obligations over a 'fresh start' for the debtor."); *In re Hanjora*, 276 B.R. 822, 825 (Bankr. N.D. Ohio 2001) (stating that § 523(a)(5), "implements the general bankruptcy policy of favoring domestic support obligations over the debtor's need for a fresh start"); *In re Rouse,* 212 B.R. 885, 887 (Bankr. E.D. Tenn. 1997) (noting that although exceptions to discharge are usually narrowly construed against creditors, § 523(a)(5) is an exception). While Mother in her *Motion to Dismiss* argued that she was entitled to a "fresh start" free from the financial

burden of paying Father's child support related attorney fees, it is clear that is not the law. That Mother has raised the issue of a "fresh start"does not create a factual issue that precludes summary judgment.

## X. Conclusion

As stated above, in order to establish that a debt for attorney fees and costs is "in the nature of alimony, maintenance or support" of a debtor's child, a plaintiff must establish that the attorney fees and costs were awarded to a parent of the debtor's child in a court order and that such fees were incurred solely in connection with a child custody and/or child support action. The undisputed facts in this case establish that the Oklahoma County District Court ordered Mother to pay $13,700 to Father to reimburse him for attorney fees and costs, and that the Judgment relates to fees and costs incurred by Father in the child custody and support litigation between the parties. As shown by the facts and law discussed above, the Court finds that the undisputed record establishes that the attorney fees and costs awarded to Father related to child custody and are non-dischargeable. Accordingly,

**IT IS HEREBY ORDERED** that **summary judgment is granted** in favor of the Plaintiff Dustin Baxter and against Debtor Summer Baxter determining attorney fees and costs in the amount of $13,700 awarded him by the District Court of Oklahoma County in the above referenced litigation are determined to be non-dischargeable. Pursuant to Fed. R. Bankr. P. 7058(a) a separate judgment will be entered contemporaneously with this *Memorandum Opinion and Order Sua Sponte Granting Summary Judgment*.

# # #